**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ARNOLDO MARCELINO CHEVEZ-ALVAREZ,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, et al.,

Respondents.

CASE NO. 5:26-cv-06506-SK

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is petitioner's second and successive habeas petition. In his first, petitioner was granted a conditional writ of habeas corpus on August 31, 2026, ordering his release by no later than September 8, 2026, unless he was given a so-called *Rodriguez* bond hearing with the government bearing the burden of proof by clear and convincing evidence. (*See* Case No. 5:26-cv-4159-JWH-SK, ECF 14). As it turned out, that hearing was evidently not held until September 10, 2026, at which time petitioner was ordered detained pending removal proceedings based on a flight-risk finding. But petitioner does not challenge the flight-risk finding, perhaps because there would be no jurisdiction to second-guess it on federal collateral review. *See* 8 U.S.C. § 1226(e). Instead, petitioner merely seeks an accounting of why the bond hearing was not convened by or before September 8, and an order of release "[u]pon finding noncompliance" with the August 31 judgment and "no sufficient legal ground defeating enforcement" of that judgment in strictest terms. (ECF 1 at 5).

But even if this court were to find that the two-delay was an inexcusable due process violation, petitioner cannot demonstrate prejudice by such a short delay. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008); *cf. United States v. Montalvo-Murillo*, 495 U.S. 711, 721 (1990) ("An order of release in the face of the Government's ability to prove at once that detention is required by the law has neither causal nor proportional relation to any harm caused by the delay in holding the hearing."). And much for the same reason, it is near impossible to imagine that, even if they were responsible for the two-delay, respondents could be held in contempt for violating the strict terms of the August 31 judgment. "[S]ubstantial compliance with a court order is a defense to an action for civil contempt." *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025) (quoting *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986)).

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. Judgment will be entered accordingly dismissing this § 2241 action.

IT IS SO ORDERED.

DATED: November 5, 2026

HON. STEVE KIM
United States Magistrate Judge